# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
ANDREW A. LIST, BAR NO. 6725

No. 79488

**FILED**

DEC 06 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review under SCR 105(3)(b) of a Northern Nevada Disciplinary Board hearing panel's recommendation that attorney Andrew A. List be suspended from the practice of law for five years and one day based on violations of RPC 1.4 (communication), RPC 1.7 (conflicts of interest: current clients); RPC 8.1 (bar admission and disciplinary matters); and RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). The panel further recommends that List be required to pay the costs of the disciplinary proceedings. Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The facts and charges alleged in the complaint are deemed admitted because List failed to answer the complaint and a default was entered.[1] The admitted facts establish that List violated the above-referenced rules when a guardian hired List to terminate her wards' mother's parental rights. When filing the parental-rights-termination

---

[1]The State Bar sent the bar complaint, the notice of intent to take a default, the order appointing the chair, and the request for entry of default to List through regular and certified mail at his SCR 79 address and an alternate address, and also sent those documents to List's SCR 79 email address. List was also served a copy of the default, a notice of the default hearing, and the State Bar's summary of evidence and designation of witnesses.

SUPREME COURT
OF
NEVADA

(O) 1947A

19-49493

petition, List represented to the court that he was the mother's, rather than the guardian's, attorney and that the mother had been served with the petition, despite her being homeless. List then voluntarily dismissed the petition, telling the guardian he would refile it. List failed to respond to the guardian's inquiries about her case for the next 18 months and, when he did respond, stated that the case was still active despite the previous dismissal. List also failed to respond to the State Bar's lawful requests for information after it received grievances from the guardian, the oldest ward, and the guardian's mother.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "must . . . exercise independent judgment," the panel's recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Considering the duties violated, that the violations were done knowingly, and that there was injury and the potential for further injury to his clients, the public, and the profession, the baseline sanction is disbarment. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.31(b) (Am. Bar Ass'n 2018) ("Disbarment is generally appropriate when a lawyer, without the informed consent of client(s) . . . simultaneously represents clients that the lawyer knows have adverse interests with the intent to benefit the lawyer or another, and causes serious or potentially serious injury to a client."). Considering that the five-year-and-one-day suspension will require List to pass the bar examination before

reinstatement, *see* SCR 116(5), however, we conclude that the suspension is appropriate and sufficient to serve the purpose of attorney discipline to protect the public, the courts, and the legal profession. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). We also affirm the panel's recommendation to impose the costs of the disciplinary proceeding as it is required under SCR 120(1) and the costs are supported by the record.

Accordingly, we hereby suspend attorney Andrew A. List from the practice of law in Nevada for five years and one day from the date of this order. To be reinstated, List must comply with SCR 116 and 213. List is further ordered to pay the costs associated with the disciplinary proceeding within 30 days from the date of this order. The parties shall comply with SCR 115 and 121.1.[2]

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.                    _____, J.
Pickering                                        Hardesty

_____, J.                    _____, J.
Parraguirre                                      Stiglich

_____, J.                    _____, J.
Cadish                                           Silver

---

[2]In addition to the notices and disclosures required by SCR 121.1, the State Bar shall also send a copy of this order to any other state bar wherein List is licensed to practice law.

cc: Andrew A. List
Chair, Southern Nevada Disciplinary Board
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court